IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1997 SESSION



FILED

January 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 03-C-01-9701-CR-00025 |
| | ) | |
| | ) | Sullivan County |
| v. | ) | |
| | ) | R. Jerry Beck, Judge |
| | ) | |
| | ) | (Sentencing) |
| TRAVIS E. BIRCHFIELD, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Cary C. Taylor
Attorney at Law
P.O. Box 148
Kingsport, TN 37662

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Clinton J. Morgan
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General
P.O. Box 526
Blountville, TN 37617-0526

Joseph E. Perrin
Assistant District Attorney General
P.O. Box 526
Blountville, TN 37617-0526

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Travis E. Birchfield (defendant), was convicted of aggravated assault, a Class C felony, by a jury of his peers. The trial court found the defendant was a persistent offender and imposed a Range III sentence consisting of confinement for eleven (11) years in the Department of Correction. In this court, the defendant presents one issue for review. He contends the trial court committed error of prejudicial dimensions by finding he was a persistent offender. He argues there were only four felony convictions which could be used to determine the range in this case. In this case, five Class E felonies were statutorily mandated as a prerequisite to classifying an accused as a persistent offender. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The following convictions were contained in the State of Tennessee's notice of intent to seek enhanced punishment:

| OFFENSE | CASE NO. | COUNTY | DATE OF OFFENSE |
|---|---|---|---|
| Forgery | 11057 | Carter | 6/05/93 |
| Theft over $500 | 11058 | Carter | 6/17/93 |
| Forgery | 11350 | Carter | 11/19/93 |
| Forgery | 21064 | Washington | 3/26/94 |
| Forgery | 21064 | Washington | 3/27/94 |
| Forgery | 21064 | Washington | 3/27/94 |

The parties agreed the two forgery offenses occurring on March 27, 1994, constituted but one offense. Tenn. Code Ann. § 40-35-107(b)(4)(1997 Repl.) Defense counsel was given time to review the state's documentation of the Washington County convictions. Defense counsel subsequently advised the trial court he thought there were only four prior convictions, but he agreed there were five Class E felonies. Counsel stated: "I had him down as four prior convictions, four felony convictions, but apparently, I have miscounted."

The trial court gave the defendant the opportunity to present proof to challenge the

number of prior felony convictions which could be used to be establish the appropriate range. Defense counsel declined the invitation. Counsel stated: "No, those [the felonies set forth hereinabove] are correct."

The statements made by defense counsel were tantamount to a stipulation as to the number of prior felonies which could be used to establish the appropriate range. The trial court found there were five prior Class E felonies, and determined the defendant was a persistent offender beyond a reasonable doubt. Tenn. Code Ann. § 40-35-107(c)(1997 Repl.).

In this court, the defendant contends for the first time the three Washington County forgery convictions, which occurred on March 26, 1994, and March 27, 1994, constituted a single conviction within the meaning of Tenn. Code Ann. § 40-35-107(b)(5)(1997 Repl.). The record does not support this contention.

The statute in question states:

> (4) Convictions for multiple felonies committed as part of a single course of conduct within twenty-four (24) hours constitute one (1) conviction for the purpose of determining prior convictions; however, acts resulting in bodily injury or threatened bodily injury to the victim or victims shall not be construed to be a single course of conduct. . . .

If the defendant was of the opinion the three forgery felonies from Washington County constituted but one offense, the defendant should have presented evidence to establish the times when the offenses were committed. The defendant was given the opportunity to present evidence to support his contention. Instead, the trial court was told by defense counsel there were in fact five felony convictions which could be used to establish the range.

The trial court found the defendant was a persistent offender beyond a reasonable doubt as required by the statute. This court cannot set such a finding aside or grant a new sentencing hearing when the record is silent regarding when the offenses occurred. In short, there is nothing to establish that the offense of March 26, 1994, occurred within twenty-four hours of the March 27, 1994, offenses. The fact the three offenses were contained as separate counts in the same indictment is irrelevant to the inquiry.

This court concludes the trial court properly found the defendant was a persistent

3

offender and sentenced him accordingly.


                                    _____

                                    JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
          PAUL G. SUMMERS, JUDGE


_____
          CURWOOD WITT, JUDGE